FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 3 1 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

   - against -           06 Civ. 1578 (JG)(MDG)

FAISAL ZAFAR and
SAMEER THAWANI,

        Defendants.
-------------------------------------------------------------x

## FINAL JUDGMENT BY DEFAULT
## AS TO DEFENDANT SAMEER THAWANI

WHEREAS, on April 6, 2006, plaintiff United States Securities and Exchange Commission ("Commission") commenced this action by filing a complaint alleging that Sameer Thawani ("Defendant" or "Thawani") committed violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

WHEREAS, in accordance with Fed. R. Civ. P. 4(e)(2), the Commission personally served a copy of the Summons and Complaint upon Thawani on April 6, 2006;

WHEREAS, on April 17, 2006, the Court imposed a stay in this action;

WHEREAS, the stay was subsequently lifted and, on October 1, 2007, Thawani was ordered to answer the complaint within 20 days and to appear at a conference with the Court on October 31, 2007;

WHEREAS, Thawani failed to appear at the conference on October 31, 2007 or to answer or otherwise respond to the Commission's complaint;

WHEREAS, on December 11, 2008, the Court authorized the Commission to publish weekly notices in two New York newspapers from January 9 through January 31, 2009 advising Thawani that if he does not answer the Commission's complaint within 20 days of the last published notice – February 20, 2009 – good cause shall exist for entry of a default judgment against him;

WHEREAS, despite the Court's prior orders and the Commission's publication of public notices, Thawani has not filed an answer or otherwise responded to the Commission's complaint;

WHEREAS, the Clerk of the Court certified Thawani's default pursuant to Fed. R. Civ. P. 55(a) on May 7, 2009;

WHEREAS, the Court finds that it has jurisdiction over Thawani and over the subject matter of this action, and being fully advised on the premises, the Court finds that based on Thawani's default, Thawani is liable, as alleged in the complaint, for violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

NOW THEREFORE:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Thawani and Thawani's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) employing any device, scheme, or artifice to defraud;

(b) obtaining money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Thawani and Thawani's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a) employing any device, scheme, or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Thawani shall disgorge a total of $ 323,613 , representing $ 152,761 in illegal profits obtained as a result of the conduct alleged in the Complaint together with prejudgment interest thereon in the amount of $ 18,091 , and a civil penalty in the amount of $ 152,761 pursuant to Section 20(d)(2)(C) of the Securities Action of 1933 [15 U.S.C. § 77t(d)(2)(C)] and Section 21(d) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)]. Thawani shall satisfy this obligation by paying $ 323,613 within ten business days to the Clerk of this Court, together with a cover letter identifying Sameer Thawani as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Thawani shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Thawani relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Thawani. Thawani shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income

earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Fed. R. Civ. P. 54(b), the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 31, 2009

s/John Gleeson
UNITED STATES DISTRICT JUDGE